## DARMODY *v.* BISHOP OF LANSING.

1. DEEDS—ALTERATION OF INSTRUMENTS.

Alteration of deed whereby the wording designating the grantee was changed at the grantee's request but which left the grantee bishop, his office and designation as trustee the same, *held,* not an alteration of which daughters of grantors might complain in daughters' suit to cancel the deed.

2. SAME—ALTERATION AFTER EXECUTION—INFERENCES.

The fact that an immaterial alteration of a deed was made after its execution does not raise an inference that other alterations were also made at that time, especially where the changes corrected obvious errors.

3. SAME—ALTERATIONS—DESCRIPTION—OVERREACHING.

Alterations in deed to defendant bishop are presumed to have been made prior to its execution, except such as were admittedly made afterwards and which were immaterial, where the deed does not purport to grant more than was needed for the use intended and there is no evidence of overreaching.

4. SAME—PRESUMPTION OF GENUINENESS—EVIDENCE.

The presumption of genuineness of a deed prevails in the absence of any testimony on the subject.

5. SAME—MENTAL COMPETENCY—UNDUE INFLUENCE—FRAUD—EVIDENCE.

Grantors in deed of land to be used as a site for purposes of church of which they were members *held,* to have been mentally competent to make the deed and not to have been subjected to undue influence or fraud upon the part of representatives of the church, under evidence presented.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur, Alteration of Instruments §§ 6, 7, 59, 60.
[2, 3] 2 Am Jur, Alteration of Instruments §§ 106–109.

Appeal from Cass; Smith (Raymond L.), J., presiding. Submitted October 13, 1953. (Docket No. 58, Calendar No. 45,939.) Decided December 29, 1953.

Bill by Margaret Darmody and another against Joseph H. Albers, Bishop of Lansing, as trustee of St. Ann's Church of Cassopolis, to cancel and set aside a deed. Decree for defendant. Plaintiffs appeal. Affirmed.

*Jones & Theiss,* for plaintiffs.

*Robinson, Robinson & Robinson,* for defendant.

BUSHNELL, J. Plaintiffs Margaret Darmody and Katherine Morris, who are 2 of the 6 daughters of Dr. Ersom M. Cunningham and his wife, Katherine J. Cunningham, brought a suit for cancellation of their parents' deed on certain real estate in the village of Cassopolis to defendant Joseph H. Albers, Bishop of Lansing, in trust for St. Ann's Church of Cassopolis. They have appealed from a decree dismissing their bill of complaint.

We have reviewed the testimony *de novo* and arrive at the same conclusion that was reached by the trial judge. His opinion clearly and concisely states the facts and the applicable law. We therefore adopt and accept it as the opinion of this Court.

"Plaintiffs claim to be the owners of an undivided 1/2 interest in the real estate herein involved. Defendant claims the entire interest in the property under a deed from plaintiffs' parents. The record establishes the following facts:

"Dr. Ersom Cunningham and Katherine Cunningham were the parents of 6 daughters, 2 of them being plaintiffs. They were members of the Cassopolis Catholic church, Mrs. Cunningham having been a

member all her life while Dr. Cunningham joined the Church in 1944.

"In 1942 Dr. Cunningham suffered a cerebral hemorrhage. As a result he discontinued his duties as county physician but continued to practice medicine to a limited extent until some time in 1945 when a second attack left him unable to talk and partially paralyzed. He suffered failing eyesight since 1942. Although Dr. Beardsley testified that Mrs. Cunningham had a cerebral hemorrhage in 1941 the evidence also indicates that until the time of her death she lived a normal, active life except for some eccentricities.

"Evidently there had been expressions from the doctor during his lifetime that the family home in Cassopolis should be given to some charity after he and Mrs. Cunningham were gone. In 1946 the defendant Bishop and other priests, visiting at the Cunningham home, mentioned the need for a new church building and site for the Cassopolis church. The need for a new church cannot be seriously contested.

"On March 27, 1947, Father Ceru and one Leo Donohue, a friend of the Cunningham family, of Dowagiac, called at the Cunningham home and secured the signatures of the doctor and Mrs. Cunningham to a warranty deed to certain real estate adjacent to the family home. Leo Donohue was the father of the priest who then served as defendant's secretary. Dr. Cunningham made his X on the deed in lieu of his signature.

"The deed was sent to defendant by Father Ceru. Defendant returned it to Father Ceru with a request to change the wording designating the grantee. This change was made by Leo Donohue at the behest of Father Ceru. It is the plaintiffs' claim that at the time the change was made in the description of the grantee that the second part of the description of the realty was altered to read 99 feet instead of 33 feet and that the third paragraph of the description was added. It is the plaintiffs' further claim that the

grantors were mentally incompetent and that the deed was obtained by false representations.

"The deed was recorded April 4, 1947. Within a few weeks thereafter the gift of the property was announced during the church services on several Sundays. A campaign to raise the necessary funds to start the building followed in which Mrs. Cunningham took an active part. Dr. Cunningham died in 1948 at the age of 80 years and Mrs. Cunningham died a few months later at 72 years of age.

"Prior to their deaths and in 1948 plaintiff Mary Darmody filed proceedings of guardianship in probate court to have her parents declared incompetent. In neither of these proceedings did she list the property in question as an asset of their estates. The property in question having been held by the entireties by Dr. and Mrs. Cunningham there were no probate proceedings following the doctor's death and in Mrs. Cunningham's estate the property was not inventoried as an asset although it is mentioned in the assignment of the residue. The court attaches some significance to this omission.

"On the claim of alteration the court is of the opinion that the admitted alteration in describing the grantee changed nothing. The grantee and his office and designation as trustee remained the same. Plaintiffs cannot complain of this change. As to the balance of the alterations there is proof that they were made on the same typewriter as the admitted alteration but no proof that they were made after execution of the deed. The fact that an immaterial alteration was made after execution does not raise the inference that other alterations were made at that time, especially where the changes corrected such obvious errors. It is just as reasonable to find that the corrections in the descriptions of the property were made prior to execution of the deed even though 2 typewriters were used. The lips of the Cunninghams and Leo Donohue are sealed by death and Father Ceru claims to have no knowledge of the de-

scription or their alterations and additions. The deed does not purport to grant more than is needed for the use intended. Although there is no denying the alterations there is no evidence of overreaching. In the absence of any testimony on the subject the presumption of genuineness prevails. *Donohue* v. *Vosper,* 189 Mich 78.

"The court is of the opinion that both Dr. and Mrs. Cunningham were mentally competent to make the deed. There was nothing secret about the gift, it was a subject of family conversation, it was a very small part of the family estate, it was made public immediately, the family evidently accepted the fact without dissent for some time, and finally the prior death of the doctor foreclosed any possible argument as to his condition as Mrs. Cunningham took any interest he may have had and her deed passed full title to defendant. The court, not overlooking the testimony of Dr. Beardsley, but his willingness to characterize the Cunninghams as incompetent as early as 1941 and 1942, casts serious doubt on the weight to be given his opinion. Without hesitation the court finds that Mrs. Cunningham remained mentally competent until her death in 1948.

"There is nothing to substantiate the claim of fraud and misrepresentation on the part of the defendant or of any of the representatives of the church. The need for the new church was apparent and the need for a site before building could be commenced was only practical. There was no representation of an existing fact, merely talk of future hopes and possibilities. There is no evidence that the sketch of the proposed church was shown to the Cunninghams prior to their gift or that it was relied upon by them in making their gift. In coming to this conclusion the court has not lost sight of the confidential relationship that existed between the Cunninghams and the representatives of the church or of the burden placed upon defendant to prove freedom from undue influence. The court specifically finds no

undue influence and further finds that the gift was open and above suspicion in all respects."

The decree is affirmed, with costs to appellee.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.